HORROCKS DESK COMPANY, Appellant, *v.* STATE OF NEW YORK, Respondent.

Fourth Department, January 14, 1926.

(Headnote on original argument, 214 App. Div. 139.)

State — claim against State under Canal Law, § 47, for damage caused by overflow of West Canada creek — claimant contends that closing south channel of Mohawk east of mouth of West Canada creek caused ice jam — decision by Court of Claims that damage was not caused by closing south channel not contrary to evidence.

In an action against the State under section 47 of the Canal Law to recover for damage to property on West Canada creek, alleged to have been caused by the creek overflowing, in which the claimant contends that the act of the State in closing the south channel of the Mohawk river, a short distance east of the mouth of West Canada creek, prevented floating ice from passing into and possibly through that channel and thereby caused the ice to jam in West Canada creek and the water to overflow the banks, the evidence in support of the contention is not so clear and preponderating as to justify a reversal of the judgment of the Court of Claims in favor of the State. The decision by the Court of Claims that the closing of the channel was not the direct cause of the ice jam is supported by the evidence.

(Headnote on reargument.)

Assuming that the ice jam in West Canada creek did not form against the embankment constructed by the State in the construction of the Barge canal, what might have happened had the embankment not been there is, in view of the long history of ice jams and floods in West Canada creek, too speculative to form the basis of a decision.

MOTION for reargument of an appeal by the claimant, Horrocks Desk Company, from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 24th day of July, 1919. (See 214 App. Div. 139.)

*Charles E. Snyder,* for the appellant.

*Albert Ottinger, Attorney-General,* for the respondent.

PER CURIAM. The opinion herein dealt with the point to which the able brief of appellant's counsel was chiefly directed. The point now particularly pressed to our attention was not, however, overlooked. We said in the opinion that " causal relationships in such cases are at best difficult to determine." Assuming that the ice jam did not form against the embankment, what might have happened had the embankment not been there seemed to us, in view of the long history of ice jams and floods, too speculative to form the basis of a decision. The record on appeal consisting of 3,359 pages was carefully read. The testimony and exhibits

were diligently studied and weighed in the varying lights cast by the arguments of counsel, both written and oral. Obviously such a mass of matter could not be discussed in detail. We feel that nothing of importance was overlooked. While we realize the importance of the case, we find nothing in the papers and brief on this motion which did not have full consideration.

The motion should, therefore, be denied, with ten dollars costs.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ.

Motion for reargument denied, with ten dollars costs.